**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

In re:

CARY J. GAGAN,

        Movant.

No. 11-1056
(D.C. No. 1:02-CR-00193-MSK-1)
(D. Colo.)

---

## ORDER

---

Before **BRISCOE**, Chief Judge, **LUCERO**, and **HOLMES**, Circuit Judges.

---

Cary J. Gagan, proceeding pro se, has filed a motion for authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We deny authorization.

In 2002, Mr. Gagan pleaded guilty to and was convicted of three counts of making false statements to law enforcement officers in violation of 18 U.S.C. § 1001. He was sentenced to six months of imprisonment on each count, to be served concurrently, and two years of supervised release on each count, to be served concurrently and after the later of the completion of his federal sentence or an undischarged state sentence. He did not appeal.[1]

---

[1]    He, however, did appeal from the district court's order that he be committed for a competency evaluation. This court affirmed the commitment order, but dismissed for lack of jurisdiction several other claims concerning the

(continued...)

In 2005, Mr. Gagan filed a § 2255 motion asserting claims concerning the selection of grand jury members, the prosecution's failure to disclose evidence related to the identity of the grand jury foreperson, the voluntariness of his guilty plea, and the government's use of his attorney and investigator as informants. Without requiring a response from the government, the district court, on April 13, 2005, denied relief, determining that Mr. Gagan waived all claims concerning the grand jury because he pleaded guilty, that his claim that his plea was involuntary was unsupported, and that his claim concerning his attorney and the investigator was preempted by his guilty plea. Mr. Gagan did not appeal. Rather, he continued to file numerous pro se letters, motions, and other documents in district court. On June 28, 2006, the court ordered that no further documents from Mr. Gagan would be filed unless accompanied by certification from the Tenth Circuit permitting filing under § 2255.

Mr. Gagan proceeded to file a separate lawsuit, moving for the disclosure of the public record of the grand jury proceedings. On October 16, 2006, the district court granted his motion.[2] Subsequently, he filed motions, seeking, among other things, additional grand jury records, permission to contact the grand jurors, and information concerning the grand jury foreperson. On June 23, 2008,

---

[1](...continued)
grand jury's indictment and alleged judicial misconduct. *United States v. Gagan*, 95 F. App'x 941, 948 (10th Cir. 2004).

[2]      A different district court judge considered this new lawsuit.

the district court entered an order denying Mr. Gagan's requests.  The court noted that he made unsubstantiated claims that the grand jury clerk forged the grand jury foreperson's signature on indictments and that alleged grand jury improprieties may not be the subject of a collateral attack because Mr. Gagan pleaded guilty.  Finally, the court pointed out the June 28, 2006, order imposing filing restrictions.  Although Mr. Gagan filed a notice of appeal, he later moved to dismiss the appeal.  We granted the motion and dismissed the appeal.

In 2009, Mr. Gagan filed a petition for a writ of mandamus in this court seeking recusal of the district court judge, an order directing the judge to provide him with certain documents, and reconsideration of certain rulings in *United States v. Gagan*, 95 F. App'x 941 (10th Cir. 2004).  In denying mandamus relief, this court determined that Mr. Gagan provided no basis to support recusal of the judge and that mandamus was an inappropriate remedy for the other two requests. *In re Gagan*, No. 09-1065 (10th Cir. Mar. 23, 2009) (unpublished order).

Mr. Gagan now seeks our authorization to file a second or successive § 2255 motion in which he would assert the following claims:  (1) he was denied a speedy trial resulting in his being forced to plead guilty; (2) there were due process and equal protection violations related to his competency determination; (3) the trial judge was biased; (4) the grand jury proceedings violated federal law, because (a) the grand jury foreperson did not participate in the grand jury process and, instead, indictments, including Mr. Gagan's, were forged by the grand jury

clerk; (b) grand jurors from certain districts did not participate; and (c) the grand jury returned indictments when it was not in session; and (5) the government intruded into the attorney-client-investigator privilege thereby prejudicing him. He contends that each of these claims is based on newly discovered evidence. To support his first, second, and third proposed claims, he contends that the competency findings and report of Dr. Michael Schmidt had been concealed from him since April 3, 2004, because his court file had been sealed. With respect to his fourth claim, Mr. Gagan asserts that he obtained newly discovered evidence through investigation of the master grand jury list, handwriting analysis of the purported grand jury foreperson, and personal contact with the purported grand jury foreperson. Finally, to support his fifth claim, Mr. Gagan states that he obtained newly discovered evidence through his own and an investigator's efforts.

In order to obtain authorization based on newly discovered evidence, we must certify that the motion for authorization contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h). We cannot make this certification, because Mr. Gagan presents no actual new evidence. At best, his new evidence consists of conclusory, unsupported statements.

Accordingly, we DENY authorization.  This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk